UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD CHAMBERS,

        Petitioner,        Case Number: 2:12-CV-12676
                                    HONORABLE SEAN F. COX

v.

DEBRA SCUTT,

        Defendant.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT BY DEFAULT AND MOTIONS FOR A SPEEDY TRIAL

Petitioner Floyd Chambers filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Now before the Court are Petitioner's "Motion for Relief From Judgment By Default" and two "Motions for a Speedy Trial." The Court denies the motions.

The basis for Petitioner's motion for a default judgment is his allegation that Respondent failed to file an answer to the habeas corpus petition. Petitioner filed his habeas corpus petition on June 19, 2012. The Court issued an Order requiring Respondent to file a responsive pleading by January 28, 2013. On January 25, 2013, Respondent filed an answer to the petition. Therefore, Respondent complied with the Court's Order and the Court denies the request for a default judgment.[1]

---

[1] Moreover, even in cases where a respondent fails to file a timely response or a timely motion for extension of time, the Sixth Circuit Court of Appeals has held that, based upon the express language of the habeas corpus provision, a federal court may not grant habeas corpus relief by entering a default judgment. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). *Accord Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987). *Cf. Ruiz v. Cady*, 660 F.2d 337, 340 (7th Cir. 1981) (holding that, in habeas corpus cases, the remedy of entering a default judgment as a sanction for respondent's failure to respond to petition may be an appropriate remedy where the

Next, Petitioner filed two motions for a speedy trial. The motions are duplicative of one another except that the first motion attaches two letters: one from Petitioner explaining that he is needed by relatives and a letter from Petitioner's cousin detailing how Petitioner's elderly relatives are in need of his assistance in taking them to doctors' appointment and tending to their general welfare. Petitioner seeks a speedy trial under Local Rule of Criminal Procedure 50.1, which provides for the prompt disposition of criminal cases. The Rules of Criminal Procedure and the Speedy Trial Act, 18 U.S.C. § 3161, et seq., are not applicable to this matter because habeas corpus proceedings are characterized as civil in nature. *Mayle v. Felix*, 545 U.S. 644, 655 n.4 (2005). Accordingly, the Court denies these motions.

The Court **DENIES** Petitioner's Motion for Relief From Judgment By Default (dkt. # 16) and Petitioner's Motions for Speedy Trial (dkt. # 17 & # 21).

**SO ORDERED**.


Dated:  September 11, 2013                    S/ Sean F. Cox
                                              Sean F. Cox
                                              U. S. District Court Judge

I hereby certify that on September 11, 2013, the foregoing document was served upon counsel of record by electronic means and upon Floyd Chambers by First Class Mail at the address below:

Floyd Chambers #095405
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

Dated:  September 11, 2013                    S/ J. McCoy
                                              Case Manager

---

respondent is guilty of extreme and inadequately explained delays).