**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FLOYD CHAMBERS,

    Petitioner,

v.

DEBRA SCUTT,

    Respondent.
_____/

Civil No. 2:12-CV-12676
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

    Floyd Chambers, ("Petitioner"), presently incarcerated at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for first-degree murder, Mich. Comp. Laws § 750.316. Respondent has filed an answer to the petition for writ of habeas corpus. As part of the answer, respondent contends that the petition should be dismissed because it was not timely filed in accordance with the statute of limitations contained in 28 US.C. § 2244 (d)(1). Petitioner has filed a response to the answer. For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I. Background**

    Petitioner was convicted of the above offenses following a jury trial in the Kalamazoo County Circuit Court.

1

Direct review of Petitioner's conviction ended on July 28, 2003, when the Michigan Supreme Court denied Petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right. *People v. Chambers*, 469 Mich. 860, 666 N.W. 2d 669 (2003).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court, pursuant to M.C.R. 6.500, *et. seq.*, on May 16, 2006. After the trial court denied the motion and the Michigan Court of Appeals denied Petitioner leave to appeal, collateral review of Petitioner's post-conviction motion ended in the state courts on December 23, 2008, when the Michigan Supreme Court denied Petitioner's motion for reconsideration of their previous denial of Petitioner's post-conviction appeal. *People v. Chambers*, 482 Mich. 1156, 758 N.W.2d 530 (2008).

Petitioner filed a second motion for relief from judgment with the trial court in November of 2009. After the trial court and the Michigan Court of Appeals denied this motion, collateral review of this post-conviction motion ended in the state courts on December 28, 2011, when the Michigan Supreme Court denied Petitioner's post-conviction appeal. *People v. Chambers*, 490 Mich. 968, 806 N.W.2d 506 (2011).

Petitioner filed his habeas application with this Court on June 19, 2012.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub*, 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001).

> (1) [T]he limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied Petitioner leave to appeal on July 28, 2003. Petitioner's conviction became final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on October 26, 2003, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Absent tolling, Petitioner had until October 26, 2004 to timely file his habeas petition.

Petitioner filed his post-conviction motion for relief from judgment on May 16, 2006, long after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See*

*Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Petitioner's second motion for relief from judgment which was likewise filed in the state court after the expiration of limitations period also did not toll the limitations period. *See Parker v. Renico*, 105 F. App'x 16, 18 (6th Cir. 2004).

The Court is aware that Petitioner in his second claim alleges that he has newly discovered evidence that the assistant prosecutor changed two words on the 1975 autopsy report.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F. 3d 896, 898 (6th Cir. 2005).

The Sixth Circuit has suggested that the provisions of 28 U.S.C. § 2244(d)(1)(D) should be decided on a claim-by-claim basis, rather than with respect to all of the claims contained within the petition. *See Ege v. Yukins*, 485 F. 3d 364, 373-74 (6th Cir. 2007)(§ 2244(d)(1)(D) did not delay the commencement of the limitations period with respect to petitioner's ineffective assistance of counsel claim, but delayed the commencement of the limitations period for petitioner's due process claim, when the factual predicate of that claim was discovered at a later date); *see also DiCenzi v. Rose*, 452 F. 3d 465, 469-70 (6th Cir.2006)(holding that statute of limitations on claim that state appellate court improperly denied a motion for delayed appeal under 28 U.S.C. § 2244(d)(1)(D) began on a different date than did the claims that related to issues that occurred at sentencing); *Jackson v. Hofbauer*, No. 05-CV-74916-DT; 2007 WL 391405, * 8 (E.D. Mich. January 31, 2007(§ 2244(d)(1)(D) applied on a claim-by-claim basis).

The Supreme Court has not specifically addressed whether the provisions of 28 U.S.C. § 2244(d)(1)(D) should be applied to the entire habeas application or decided on a claim-by-claim basis. However, in dicta in *Pace v. DiGuglielmo*, 544 U.S. 408, 416, n. 6 (2005), the Supreme Court indicated that § 2244(d)(1) provided one means of calculating the limitation period with regard to the "application" as a whole, namely, § 2244(d)(1)(A)(date of final judgment), but noted that the three other subsections, § 2244(d)(1)(B), § 2244(d)(1)(C); and § 2244(d)(1)(D), required a claim-by-claim consideration for calculating the limitations period. This Court is therefore required to evaluate each of Petitioner's claims separately to determine whether the provisions of Section 2244(d)(1)(D) would render any, or all, of the claims timely.

Petitioner has raised three claims in his petition for writ of habeas corpus. For the purpose of brevity, these claims are: 1) use of evidence obtained through an unlawful arrest, 2) newly discovered evidence pertaining to the autopsy report, and 3) denial of a right to an appeal.

With the exception of Petitioner's second claim, the allegedly newly discovered evidence of an alteration of the autopsy report has no connection to Petitioner's other claims. Because Petitioner's first and third claims do not rest upon the newly discovered evidence of changes in the autopsy report, this evidence cannot logically constitute a "factual predicate" for Petitioner's first and third claims, as defined by § 2244(d)(1)(D), thus, these claims are time-barred, regardless of whether the alleged altered autopsy report would constitute newly discovered evidence with respect to Petitioner's second claim. *Ege*, 485 F. 3d at 373.

5

Petitioner is also not entitled to delay the commencement of the limitations period with respect to his second claim because Petitioner does not indicate when he first learned about changes to the autopsy report or what steps he took to obtain the report.

The time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* Finally, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. A habeas petitioner has the burden of proof in persuading a federal court that he or she exercised due diligence in searching for the factual predicate of the habeas claims. *See Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002).

The only information that the Court has in determining whether Petitioner acted with due diligence in discovering changes to the autopsy report is Petitioner's assertion that he did not obtain a copy of the autopsy report until eight years after his conviction. However, the autopsy report was available and entered into evidence at both the preliminary examination and trial. (PE Tr., 6/29/00, p. 34, T Tr. 10/24/00, p. 798). Petitioner has failed to show how he exercised due diligence in obtaining a copy of the autopsy report, so as to delay the start of the one year limitations period pursuant to § 2244(d)(1)(D). *See*

6

*Townsend v. Lafler*, 99 F. App'x 606, 608 (6th Cir. 2004). The commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D) until Petitioner's alleged discovery of the factual predicate for his claim, in light of the fact that Petitioner was aware of the autopsy report at the preliminary examination and at trial. *See Whalen v. Randle,* 37 F. App'x 113, 119 (6th Cir. 2002). The late discovery of the autopsy report will not revive the other claims and Petitioner has failed to provide information as to when he found autopsy report. Furthermore, Petitioner was present at the preliminary examination and trial when the autopsy was discussed. Since he was present when the autopsy report was admitted, he would have known about the factual predicate earlier, so as not to extend the statue of limitations.

     Petitioner also alleges factual concealment should extend the limitations period. In order to toll the statute of limitations on the basis of fraudulent concealment, a habeas petitioner has the burden of proving that: 1) the defendant or respondent concealed the conduct that constitutes the cause of action; 2) defendant's concealment prevented petitioner from discovering the cause of action within the limitations period; and 3) until discovery, petitioner exercised due diligence in trying to find out about the cause of action. *Bogan v. Huffman*, 2000 WL 1800572, * 2, 238 F.3d 419 (Table)(6th Cir. November 30, 2000). "Tolling on the basis of fraudulent concealment is to be narrowly applied." *Id.* Petitioner has not shown that he used due diligence to find the autopsy report or concealment on behalf of the assistant prosecutor. *Cf. Kerkman v. United States*, 200 F. App'x 578, 581 (6th Cir. 2006)(petition for writ of error *coram nobis* to vacate conviction, based on claim that Government committed *Brady* violation by withholding grand jury

7

transcripts of witness's testimony was barred by doctrine of laches; defendant had grand jury transcripts in his possession for ten years, including period during which prior habeas corpus proceedings were pending, yet failed to raise claim, and defendant's attorney had raised same issue in petition for error *coram nobis* filed on behalf of codefendant three years earlier).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that the circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger*, 239 F. App'x 145, 147 (6th Cir. 2007).

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

8

Petitioner's case falls outside of the actual innocence tolling exception, because Petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005).

Petitioner's autopsy report claim is insufficient to establish Petitioner's innocence, so as to toll the limitations period. Furthermore, a federal court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." *Schlup v. Delo*, 513 U.S. at 332.

Petitioner has failed to show that he could not obtain the 1975 autopsy report until eight years following his conviction. Since the report was examined and admitted at the preliminary examination and trial, Petitioner's claim that the report was unavailable, that he had exercised due diligence, and that he could not have discovered the factual predicate for his claim before 2009 is insufficient to utilize Section 2244 (d)(1)(D) to extend the statute of limitations. Because the autopsy report was examined and admitted at the preliminary examination and trial, Petitioner's claim that he has newly discovered evidence that the report was altered is not the type of reliable evidence that would establish Petitioner's actual innocence to excuse the untimely filing. Furthermore, the trial court in denying Petitioner's motion for reconsideration found, "This Court has already considered the evidence and found that there was no evidence to support Defendant's claim that the Prosecutor falsified the report before giving a copy to Defendant's counsel." *People v. Chambers*, No. C00-0751 FC, Order Kalamazoo County Cir. Ct. May 25, 2010), at *4. Petitioner's claim is barred by the statute of limitations and without merit.

### B. The certificate of appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R.App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. Accordingly, the Court will deny Petitioner a certificate of appealability. The Court will also deny Petitioner leave to proceed *in forma pauperis* because an appeal would be frivolous for the reasons stated above.

### III. Conclusion

IT IS ORDERED that Petitioner Floyd Chamber's petition for writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.

This court DECLINES to issue a certificate of appealability.

Dated:  March 3, 2015                          S/ Sean F. Cox
                                               Sean F. Cox
                                               U. S. District Judge


I hereby certify that on March 3, 2015, the foregoing document was served on counsel of record via electronic means and upon Floyd Chambers via First Class mail at the address below:

Floyd Chambers
095405
KINROSS CORRECTIONAL FACILITY
16770 S. WATERTOWER DRIVE
KINCHELOE, MI 49788


                                               S/ J. McCoy
                                               Case Manager